UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COURTNEY GOODEN,<br>       Plaintiff,<br><br>       v.<br><br>STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTION,<br>ET AL.,<br>       Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   3:08-CV-01282 (JCH)<br>:<br>:<br>:   AUGUST 3, 2009<br>:<br>: |

**RULING RE: DEFENDANTS' MOTION TO DISMISS (DOC. NO. 10) AND RENEWED MOTION TO DISMISS (DOC. NO. 24) AND ORDER DISMISSING CASE AGAINST DEFENDANT WADE FOR FAILURE TO PROSECUTE**

Plaintiff Courtney Gooden brings claims against defendants State of Connecticut Department of Correction, William Barber, and Marcia Wade, alleging employment discrimination in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Equal Protection Clause of the United States Constitution.[1]  Pending before the court is the Motion to Dismiss (Doc. No. 10) and Renewed Motion to Dismiss (Doc. No. 24) of defendant William Barber in his official capacity, brought on behalf of all defendants.[2]

Defendant Barber moves to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that res judicata (claim

---

[1] Despite the fact that his Complaint also mentions Title VII in several places, at oral argument, Gooden twice responded to the court's inquiries that he was not bringing a Title VII claim.

[2] Gooden originally filed proof of service only on defendant Barber in his official capacity, and Barber (in his official capacity) is the only defendant to have appeared in this action.  In this court's Order of January 23, 2009 (Doc. No. 8), the court directed Gooden to serve the other defendants, warning that absent service, the case would be dismissed as to those defendants for failure to prosecute. Subsequently, Gooden filed proof of service on defendant Barber in his individual capacity.  Despite apparently extensive efforts (and the granting of extensions by the court), Gooden has been unable to serve defendant Wade.

1

preclusion) or collateral estoppel (issue preclusion) bars Gooden's claim. As a preliminary matter, the court notes that "the doctrine of res judicata or issue preclusion [collateral estoppel] in no way implicates jurisdiction." Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994). Therefore, the court will consider Barber's challenge pursuant to Rule 12(b)(6). See id.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court takes the allegations of the complaint as true, and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). Bald assertions, and mere conclusions of law, do not suffice to meet the plaintiff's pleading obligations. Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006). Instead, plaintiffs are obliged to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), rev'd on other grounds sub. nom. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949.

In his Complaint in this action, Gooden alleges that he suffered adverse employment actions on the basis of race. He brings these claims against the Department of Correction, which he previously sued in state court, as well as William Barber and Marcia Wade, the individuals allegedly responsible for the discrimination at

issue, in their individual and official capacities. Gooden has not alleged that the claims upon which he proceeded to trial in state court are factually distinct from those asserted in this action. Indeed, he concedes, in his Opposition and Complaint, that they are the same claims. See Opp'n at 2 ("[[T]he matter . . . did indeed go to trial under Superior Court Judge Nina Elgo."); Complaint at ¶ 4 ("A trial decision was handed down, at the Judicial District of Hartford CT, June 8, 2008,[3] in favor of the Defendant. The Plaintiff pray[s] to be heard by this court, because the Plaintiff provides proof that said decision stated on record in the Superior Court, in the Judicial District of Hartford, was based on a lack of evidence."). The only distinction is that in state court, Gooden's claims of retaliation and discrimination were based upon Connecticut's Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-51 et seq., while in federal court, he bases his claims upon the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Equal Protection Clause of the United States Constitution pursuant to 42 U.S.C. § 1983.

In state court, following dismissal of two counts of Gooden's Amended Complaint, Gooden's case proceeded to a trial on Count One, which alleged unlawful racial discrimination in employment pursuant to the Connecticut Fair Employment Practices Act, and Count Two, which alleged racial discrimination and retaliation in employment. Following a two day bench trial, and post-trial briefing, Connecticut Superior Court Judge Nina F. Elgo rendered a decision dated June 23, 2008, entering judgment for the Department of Correction on Counts One and Two. Gooden v. Dep't

---

[3] The actual date on which the state court's decision was filed appears to have been June 23, 2008.

of Correction, No. CV020813590, 2008 Conn. Super. LEXIS 1624, at *1 (Conn. Super. June 23, 2008). On Count One, the court found that Gooden failed to establish that he was qualified for the job in question, and thus failed to establish a prima facie case of race discrimination. Id. at *9-10. On Count Two, the court found that Gooden failed to show that he "had a good faith, reasonable belief, that the underlying employment practice was unlawful." Id. at *12. Specifically, the court found that Gooden "did not have a reasonable, good faith belief that Mr. Barber's denial of [Gooden's] request for a letter of support evidenced discriminatory intent." Id. at *13. Thus, the court concluded, Gooden failed to demonstrate that he was engaged in a protected activity and thus did not establish a prima facie case of retaliation. Id. at *11-13.

Gooden has not appealed the Superior Court's ruling, explaining that he "respectfully decline[s] to entertain [the] idea of being further victimized by the State Judicial System, or another mendacious attorney." Opp'n at 2. Defendants argue that the issues raised have already been tried, and judgment entered in favor of defendant Department of Correction, in a Connecticut state court. Defendants note that, in applying the CFEPA, Connecticut courts look to federal Title VII law, see Levy v. Comm'n on Human Rights and Opportunities, 236 Conn. 96, 103 (1996), and thus, that principles of claim preclusion and issue preclusion bar Gooden from relitigating his employment discrimination claims in federal court. In his Opposition, Gooden does not deny that his case "did indeed go to trial" in Connecticut Superior Court, nor that he lost or failed to appeal his case through the state appellate courts. He nevertheless asserts that he should not be barred from litigating his claim in federal court because, for a variety of reasons, his state court proceeding was unjust and did not comport with

4

federal constitutional standards.

The court must consider whether Gooden's arguments can overcome defendants' argument that Gooden is precluded from bringing his claims. To make such a determination, the court first looks to how the state treats judgments. "Where there is a final state court judgment, a federal court looks to that state's rules of res judicata to determine the preclusive effect of that judgment." AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003); see also O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009) ("'[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). Connecticut law on claim preclusion (res judicata) provides that a party cannot relitigate a cause of action that it has already litigated in a prior suit against the defendant or its privy, provided that the claim has been decided on the merits and the second suit seeks to litigate claims that were or could have been litigated in the first suit:

> Claim preclusion [or res judicata] prevents a litigant from reasserting a claim that has already been decided on the merits. Under claim preclusion analysis, a claim—that is, a cause of action—includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Moreover, claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made.

Comm'r of Envtl. Prot. v. Conn. Bldg. Wrecking Co., Inc., 227 Conn. 175, 188 (1993) (internal alterations omitted); see Joe's Pizza, Inc. v. Aetna Life and Cas. Co., 236 Conn. 863, 871-72 (1996). The test applied to determine whether an action involves the same claim as a prior action is known as a "transactional test." Comm'r of Envtl.

5

Prot., 227 Conn. at 189-90 (citations omitted).

Gooden does not dispute that he has sought to litigate in this action his same allegations of employment discrimination that he previously litigated in state court. In fact, he has filed this suit precisely because he believes that he did not receive a just disposition of his case in the state court. Gooden's claims in the former and present lawsuit both arise out of the same series of transactions and allegations—that the Department of Correction engaged in racial discrimination and retaliation against Gooden in connection with his employment at the Department. Ordinarily, therefore, any claim that Gooden asserted or had an adequate opportunity to assert in his state court action against a defendant or its privy in that action could not be brought in this action. Connecticut Nat. Bank v. Rytman, 241 Conn. 24, 44 (1997) (quoting Restatement (Second) of Judgments, § 25, cmt. e). Gooden could have presented his employment discrimination claims pursuant to section 1981 and the Equal Protection Clause in his state court action. See Walker v. Envirotest Sys., Inc., 77 F. Supp. 2d 294, 298-99 (D. Conn. 1999) (applying Restatement's "transactional test" as applied in Rytman).

However, the court must consider whether Gooden actually had an adequate opportunity to litigate his claims in the prior proceeding. See Rytman, 241 Conn. at 43-44 ("The appropriate inquiry with respect to claim preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding.") (internal quotation marks, emphasis, and citations omitted); Cayer Enterprises, Inc. v. DiMasi, 84 Conn. App. 190, 194 (Conn. App. 2004) ("Res judicata requires, inter alia, a previous judgment on the merits in which the party had a full and fair opportunity to litigate the

6

matter."). The United States Supreme Court has stated that, for a state court proceeding to be a basis for preclusion in federal court, the state court proceeding must satisfy procedural due process requirements. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480-81 & n.22, 482-83 (1982); Montana v. United States, 440 U.S. 147, 164 n.11 (1979).

Gooden objects vigorously that his state court proceeding was unjust and did not comport with federal constitutional standards, alleging that: 1) his attorney filed the case in state court against his wishes; 2) his attorney withheld factual evidence from the state court; 3) his attorney failed to call a single witness from a list provided by plaintiff to his attorney; 4) his attorney colluded and conspired with the attorney for the state and the individual defendants to intentionally withhold evidence from the state court, and he thus did not receive justice under the state court's ruling; 5) the attorneys for both sides conspired and encouraged defendants Barber and Wade to perjure themselves in state court; 6) he should not be obligated to appeal in state court when to do so would lead to his "further victimiz[ation]"; 7) he is entitled to redress for constitutional violations in federal court because the state Attorney General's Office refuses to uphold the constitutional rights of African American citizens; and 8) he is entitled to a federal forum to vindicate his federal claims. As a result of the faulty proceeding, Gooden alleges, he has not been able to vindicate his claims of employment discrimination and now seeks to bring them in federal court.

On a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of plaintiff's allegations. However, Gooden must "amplify [his] claim with some factual allegations in those contexts where such amplification is needed to render the

claim plausible." Iqbal, 490 F.3d at 157-58.  Gooden's allegations of conspiracy and collusion, if proven, could demonstrate that the state court proceeding failed to satisfy procedural due process requirements.  They would therefore prevent the prior state court judgment from having preclusive effect.

At oral argument, the court pressed Gooden on whether he had any evidence which might plausibly support his claims.  Gooden explained that at trial, his lawyer refused to cross-examine witnesses vigorously or to make use of documents that Gooden had supplied to him.  Gooden contended that he supplied his lawyer with documents that would have proven his claim that he was differently treated, but that his lawyer refused to present the documents in court.  Gooden also contended that his lawyer refused to call witnesses from a list that Gooden had supplied.  Gooden conceded that he did not have any direct evidence that his lawyer and the state's lawyer had conspired to defeat his claim, but contended that there is no other reason why his lawyer would not have offered the documents or called the witnesses.

Gooden's conclusory allegations of conspiracy and collusion, based primarily upon his belief that his lawyer represented him so inadequately that there had to be a conspiracy, do not state a plausible claim for relief.  It is not enough simply to allege that his lawyer refused to present certain documents or to call certain witnesses.  Nor has Gooden alleged any behavior on the part of the state that might demonstrate its engagement in the alleged conspiracy.  More than a challenge to the lawyer's trial strategy or competence, whether the product of good or bad judgment on the lawyer's part, is needed to call into question the "quality, extensiveness, or fairness of procedures followed" in the state proceeding.  Montana, 440 U.S. at 164 n.11.  Without

8

more, Gooden cannot overcome the defense of res judicata (claim preclusion) asserted by defendant Barber in his official capacity.

In Gooden's state court action, the only defendant was the Department of Correction. Ordinarily, for res judicata to bar a claim, the defendant in the subsequent action must be the same party who obtained a judgment in the prior action, or that party's privy. See O'Connor v. Pierson, 482 F. Supp. 2d 228, 231-32 (D. Conn. 2007), aff'd, 568 F.3d 64 (2d Cir. 2009). Government officials sued in their official capacity, such as Barber, are considered to be in privity with the government for res judicata purposes, so a judgment for one bars a subsequent claim against the other. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940); O'Connor, 568 F.3d at 71. Therefore, Gooden cannot proceed against defendants Department of Correction or defendant Barber in his official capacity.

The court now turns to the question of the other defendants. Gooden alleges federal claims against the Department of Correction as well as state employees Barber and Wade in their "official and unofficial" capacities. Initially, Gooden served only Barber in his official capacity. On January 23, 2009, the court issued an order warning Gooden that absent service on other defendants, the case would be dismissed as to the other defendants for failure to prosecute. At oral argument on April 7, 2009, the court allowed Gooden until May 1, 2009, to serve the remaining defendants and file proof of service on the docket. The court subsequently gave Gooden until May 26, 2009, and then June 7, 2009, to serve the remaining defendants. On June 22, 2009, Gooden successfully filed proof of service on defendant Barber in his individual capacity, demonstrating that service took place on May 22, 2009. He has not served

defendant Wade in any capacity.  Because Gooden has continued to fail to effect service on defendant Wade, the court dismisses the case against defendant Wade in her official and individual capacities for failure to prosecute.

Finally, the court must address defendant Barber in his individual capacity. Defendants seek to dismiss the claim against Barber on the grounds of claim preclusion (res judicata) and issue preclusion (collateral estoppel).  The court concludes that while res judicata does not apply, collateral estoppel applies to bar Gooden's claim.

As already discussed, to bar a claim on res judicata grounds, Connecticut requires that the party in the present action seeking to invoke res judicata be identical to or in privity with the party in the prior action.  As the court holds, supra, Barber in his official capacity is in privity with his governmental employer, the Department of Correction, for res judicata purposes.  However, Barber in his individual capacity is not in privity with the Department of Correction.  See Sunshine Anthracite Coal Co., 310 U.S. at 402-03; Tierney v. Davidson, 133 F.3d 189, 195 (2d Cir. 1998) ("A judgment against a government does not bind its officials in subsequent litigation that asserts a personal liability against the officials." (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4458, at 508 (1981)); Stancuna v. Sherman, 563 F. Supp. 2d 349, 353-54 (D. Conn. 2008) (citing cases).  Therefore, Barber in his individual capacity cannot invoke res judicata to bar Gooden's claims.

The court now turns to the doctrine of issue preclusion (collateral estoppel). Collateral estoppel provides that, in certain circumstances, when an issue of ultimate fact has been fully and fairly litigated and determined in a prior action, that issue cannot again be litigated in a future lawsuit.  See Gladyz v. Planning & Zoning Comm'n, 256

Conn. 249, 260 (2001) (citations omitted); Carnemolla v. Walsh, 75 Conn. App. 319, 325 (2003). "Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party." Aetna Cas. & Sur. Co. v. Jones, 220 Conn. 285, 303-04 (1991). As with res judicata, the court must look to Connecticut law to understand the preclusive effect of the state court judgment. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 82-83 (1984) ("[I]ssues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." (quoting Allen v. McCurry, 449 U.S. 90, 97-99 (1980))).

In Connecticut, for collateral estoppel to apply, the issue must have been "fully and fairly litigated in the first action;" "it also must have been actually decided and the decision must have been necessary to the judgment." Lafayette v. Gen. Dynamics Corp./Elec. Boat Div., 255 Conn. 762, 772 (2001). Furthermore, "the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." Carnemolla, 75 Conn. App. at 325 (citations and internal quotation marks omitted). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined." Id. "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." Id.

There is sufficient identity of issues for collateral estoppel to apply. The issue of whether Gooden suffered employment discrimination at the hands of defendants was properly raised and conclusively determined in the state court action, and was necessary to the judgment for the Department of Correction in that action. The facts

11

and issue in both the state and federal employment discrimination cases are identical, and the case was fully litigated to a final judgment in state court. These issues were decided adversely to Gooden, the plaintiff in the state court action.

The court must now address whether defendant Barber in his individual capacity, who was not a party to the state court case, may invoke collateral estoppel as a bar to Gooden's action against him. "Historically, the mutuality of parties rule meant that parties who were not actually adverse to one another in a prior proceeding could not assert collateral estoppel against one another in a subsequent action." Aetna Cas. & Sur. Co., 220 Conn. at 300. Following earlier decisions of the Connecticut Appellate Court, in 1991 the Connecticut Supreme Court abandoned the strict mutuality rule in Aetna Casualty & Surety Co. v. Jones. Id. at 302. That court has recognized, however, that "circumstances may exist in which lack of mutuality would render application of collateral estoppel unfair." Labbe v. Hartford Pension Comm'n, 239 Conn. 168, 186 (1996) (citing Aetna Cas. & Sur., 220 Conn. at 303). Courts are to consider the factors set forth in the Restatement (Second) of Judgments, section 29, in determining whether to follow the nonmutuality rule. Id.[4]

---

[4] Section 29 of the Restatement (Second) of Judgments (1982), provides that:
> A party precluded from relitigating an issue with an opposing party, in accordance with §§ 27 and 28, is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which considerations should be given include those enumerated in § 28 and also whether:
>
> (1) Treating the issue as conclusively determined would be incompatible with an applicable scheme of administering the remedies in the actions involved;
>
> (2) The forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and could likely result in the issue being differently determined;

In this case, each of the Restatement factors favors applying collateral estoppel

---

(3) The person seeking to invoke favorable preclusion, or to avoid unfavorable preclusion, could have effected joinder in the first action between himself and his present adversary;

(4) The determination relied on as preclusive was itself inconsistent with another determination of the same issue;

(5) The prior determination may have been affected by relationships among the parties to the first action that are not present in the subsequent action, or apparently was based on a compromise verdict or finding;

(6) Treating the issue as conclusively determined may complicate determination of issues in the subsequent action or prejudice the interests of another party thereto;

(7) The issue is one of law and treating it as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule upon which it was based;

(8) Other compelling circumstances make it appropriate that the party be permitted to relitigate the issue.

1 Restatement of Judgments (Second) § 29 (1982).  Section 28 of the Restatement provides:

[R]elitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

(1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or

(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or

(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or

(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

1 Restatement of Judgments (Second) § 28 (1982).

to bar Gooden's claim. None of the factors enumerated in section 28 counsel against preclusion: Gooden could have obtained review from the Connecticut appellate courts; the claims in the two suits are substantially related and there has not been an intervening change in law; Gooden has not made out a plausible claim that the Connecticut Superior Court did not follow adequate procedures; the burdens of persuasion are identical in the state and federal cases; and there are no other factors suggesting a clear and convincing need for a new determination of the issue. Similarly, none of the factors enumerated in section 29 counsel against permitting Barber in his individual capacity to invoke collateral estoppel defensively[5] against Gooden's claims: treating the issue as conclusively determined does not interfere with any remedial scheme; the procedural opportunities available to Gooden in federal court are similar to those in state court; Gooden could have joined Barber in his state court action; there have not been inconsistent prior determinations of the issue; the relationships of the parties are the same and there was no compromise verdict or finding; no issue will be complicated by the invocation of collateral estoppel; the issue is not one of law; and no other compelling circumstances exist. Accordingly, the court finds that mutuality is not required. Defendant Barber in his individual capacity may invoke collateral estoppel as a defense to Gooden's claim.

---

[5] "Defensive use of collateral estoppel occurs when a defendant in a second action seeks to prevent a plaintiff from relitigating an issue that the plaintiff had previously litigated in another action against the same defendant or a different party." Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 404 (1988). To the extent there is a distinction between offensive and defensive use of collateral estoppel, the defensive use stands on stronger footing. See id. However, the Connecticut Supreme Court has declined to draw a sharp distinction between offensive and defensive collateral estoppel. See Aetna Cas. & Sur., 220 Conn. at 303 n.19 ("As long as the party to the original suit has had a full and fair opportunity to litigate the issue and the issue was finally and necessarily decided by the court, the distinction between offensive and defensive collateral estoppel is inconsequential.").

For the foregoing reasons, the Motion to Dismiss (Doc. No. 10) and Renewed Motion to Dismiss (Doc. No. 24) of defendant Barber in his official capacity are therefore GRANTED. Claims against defendant Department of Correction and defendant Barber in his official capacity are DISMISSED on res judicata grounds. Claims against defendant Wade in her official and individual capacities are DISMISSED for failure to prosecute. Claims against defendant Barber in his individual capacity is DISMISSED on collateral estoppel grounds. The clerk shall enter judgment and close this case.

Because this is the first time his case has been dismissed, the court will allow Gooden to move to reopen his case and replead his claims within 30 days of this Ruling. A proposed amended complaint must be attached to any motion for leave to reopen. Gooden's complaint should also outline the nature of the remedy that he seeks.

**SO ORDERED**.

Dated this 3rd day of August, 2009, at Bridgeport, Connecticut.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge